753 F.2d 1410
 1 Fed.R.Serv.3d 120
 Uneeda DAVIS, Kathy Bright; Individually and on behalf of
all other persons similarly situated, Plaintiff-Appellants,
v.
BALL MEMORIAL HOSPITAL ASSOCIATION, INC., Don E. Bloodgood,
John O. Butler, Donald M. Kerr, Michael H. McDermott, Joseph
E. McSoley, William J. Miller, Eva H. Rosser, Raymond W.
Worley, F.F. Levinson, in their official capacities as
members of the Indiana State Board of Health; William D.
Paynter, in his capacity as State Health Commissioner;
Margaret Heckler, in her capacity as Secretary of the
Department of Health and Human Services, Defendants-Appellees.
 No. 83-1707.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 10, 1984.
Decided Feb. 7, 1985.
 
 Kenneth J. Falk, Legal Services Organization of Ind., Indianapolis, Ind., for plaintiff-appellants.
 Marlene R. Abrams, Dept. of Health & Human Services, Chicago, Ill., for defendants-appellees.
 Before POSNER, COFFEY, Circuit Judges, and KELLAM, Senior District Judge.*
 COFFEY, Circuit Judge.
 
 
 1
 The plaintiffs appeal the district court's order decertifying the class and dismissing the action. We affirm.
 
 I.
 
 2
 This appeal is the second time this case has come before this court. See Davis v. Ball Memorial Hospital, 640 F.2d 30 (7th Cir.1980) ("Davis I" ). This suit originally was filed on September 6, 1978 by three indigents,[1] formerly patients at Ball Memorial Hospital in Delaware County, Indiana ("Ball Memorial") on behalf of themselves and all low-income persons who have or expect to receive medical care and treatment at Ball Memorial Hospital. In their original complaint, the plaintiffs alleged that Ball Memorial Hospital failed to discharge its obligations under the Hill-Burton Act, 42 U.S.C. Sec. 291 et seq.; 42 U.S.C. Sec. 300s et seq., and failed to give assurances that it would provide a reasonable volume of services to persons unable to pay for medical services. The Hill-Burton Act authorizes grants, loans, and loan guarantees to public and nonprofit private entities, such as hospitals and nursing homes, for the construction and modernization of medical facilities. 42 U.S.C. Secs. 291b-291d. As a condition of such assistance, the hospitals agree that they will make available a "reasonable volume of services to persons unable to pay therefor," except when this requirement is "not feasible from a financial viewpoint."[2] 42 U.S.C. Sec. 291c(e)(2). According to the complaint, the plaintiffs allege they "had inadequate resources to pay for [the medical services provided to them by Ball Memorial Hospital], received no notice of the availability of uncompensated services, gained no determination of eligibility, and encountered difficulties in applying after discharge for a settlement of their bills under the program." Davis I at 33. After Ball Memorial moved to join the members of the Indiana State Board of Health, the State Health Commissioner ("state defendants"), and the Secretary of Health, Education and Welfare (now Health & Human Services) ("Secretary") as defendants, the plaintiffs amended their complaint to include these parties. The plaintiff class was divided into two classes defined as "all consumers of health care services who have been, are or will be eligible for uncompensated services from defendant Ball Memorial Hospital Association, Inc." ("Ball Memorial class") and "all consumers of health care services who have been, are, or will be eligible for uncompensated services from any facility located in the State of Indiana which receives funds pursuant to the Hill-Burton Act, and therefore have given assurances ... to provide uncompensated care services and to follow pertinent regulatory and statutory provisions." ("statewide class"). Because Ball Memorial Hospital is located in Indiana, the Ball Memorial class was a subclass of the statewide class.
 
 
 3
 The statewide class charged the Secretary and the state defendants with violating the Due Process Clause of the Fourteenth Amendment[3] by failing to adopt proper notice and determination procedures in federal regulations or a state plan. The statewide class also alleged that the Secretary violated the Hill-Burton Act by failing to issue proper regulations or to monitor properly compliance with the assurance obligations. The Ball Memorial class alleged that the Ball Memorial Hospital violated both the Hill-Burton Act and the Due Process Clause of the Fourteenth Amendment because it did not fulfill its assurance obligation under the Hill-Burton Act. The plaintiffs claimed that Ball Memorial did not fulfill its assurance obligation under the Hill-Burton Act because it failed to adopt proper notice and determination procedures for providing low-cost care to indigent patients. Davis and Bright, who were Ball Memorial consumers, represented both classes. A class certification request for these classes was filed on July 16, 1979. The Secretary, arguing that the plaintiffs' claims against it had been mooted by the issuance of new federal regulations moved the court for dismissal from the lawsuit. The district court, without ruling on the class certification request, granted the Secretary's motion to dismiss, finding that the plaintiffs' due process claim had been mooted "to a great extent" by the new regulations. And, to the extent the due process claims survived, the allegations failed because the plaintiffs had not exhausted their administrative remedies as required by the Administrative Procedure Act, 5 U.S.C. Sec. 553(e). The district court held that the Hill-Burton Act does not provide a private right of action against the Secretary and the plaintiffs had failed to exhaust the administrative remedies expressly provided in the Hill-Burton Act. On appeal, this court held that indigent patients at hospitals receiving funding under the Hill-Burton Act have an enforceable interest, protected by due process, in "compliance by the facilities with their assurances under the Act...."[4] Davis I, 640 F.2d at 43. We further held that the Hill-Burton Act did not provide individuals with a private cause of action against the Secretary for any alleged failure to meet its enforcement obligations under the Act. Id. at 44.
 
 
 4
 On remand from this court, the plaintiffs amended their complaint on February 19, 1981 to reassert in modified form their causes of action against the Secretary. The plaintiffs alleged that the Secretary violated the Due Process Clause of the Fifth Amendment by failing "to require himself or Indiana Hill-Burton facilities" to afford indigent patients notice of the availability of uncompensated services and to afford procedural safeguards in determining such patient's eligibility for uncompensated services ("due process claim").[5] In a separate cause of action the plaintiffs alleged a claim for relief under the Administrative Procedure Act, 5 U.S.C. Sec. 701 et seq., based on the assertion that the Secretary "has unlawfully withheld and unreasonably delayed actions which he is compelled to take under the Hill-Burton Act" in monitoring and enforcing hospitals' obligations under the Act ("APA claim"). The claims against Ball Memorial and the state defendants were not modified. The plaintiffs requested an injunction against the Ball Memorial Hospital requiring it to adopt procedures for complying with its Hill-Burton obligation to provide that amount of free or low-cost hospital care to qualifying indigents. The plaintiffs also asked the court to require Ball Memorial to submit a plan for reimbursing the plaintiffs and the members of the class for money paid or owed to Ball Memorial for hospital care which should have been provided either free or at a reduced cost. The plaintiffs sought injunctive relief against the state defendants and the Secretary requesting that the court require them to submit:
 
 
 5
 "a detailed plan specifying procedures by which defendants will comply with their duties in the future under the Act and the Constitution including regulations and a plan by which such program will be administered; and by which defendants will remedy the injury caused to the plaintiff class by their failure to administer the Hill-Burton uncompensated care program."
 
 
 6
 On May 19, 1981, the plaintiffs modified the class definitions and again moved the district court to certify the two classes. The class definitions were identical to those requested on July 16, 1979, except that they added "those persons who asserted, were asserting, or would assert eligibility for uncompensated care."[6] On May 28, 1981, the district court commenced a class certification hearing. The plaintiffs introduced evidence in an attempt to demonstrate that some 98 Indiana health care consumers had in the past made specific complaints to the Secretary concerning their denial of uncompensated care at 38 facilities in the state of Indiana that had received Hill-Burton funding. Further, Thomas Reed, an employee of the Indiana State Board of Health testified that 274,138 Indiana residents met the income requirements for uncompensated care under the pre-1979 eligibility levels of the Hill-Burton Act and did not have health care insurance.[7]
 
 
 7
 The district court withheld its ruling on the class motion after the class certification hearing choosing rather to sever the case and urge the parties to settle. Approximately two weeks after the class certification hearing, the district court severed the case, ordering the case against Ball Memorial to proceed and further ordering an indefinite stay as to all issues against the state defendants and the Secretary.
 
 
 8
 The plaintiffs and Ball Memorial entered into settlement negotiations and requested the Court's approval of a settlement agreement on January 20, 1982. Under the terms of the settlement, Ball Memorial agreed to institute procedures for notifying patients of the possible availability of free or reduced cost care under the Hill-Burton Act and to adopt an eligibility review procedure that would provide rejected applicants with a written notice of the reasons for their rejection. The plan also established an appeal procedure for rejected applicants. Ball Memorial further agreed to release and discharge from all suits, judgments and claims several individuals including the named plaintiffs, Davis and Bright. In return, Davis and Bright executed a mutual release with Ball Memorial in which they recited that "Davis/Bright hereby agree by way of their attorneys to file and in good faith pursue a motion to exclude Ball Memorial and its patients from the class of plaintiffs described in their complaint...."
 
 
 9
 On the same day that the plaintiffs and Ball Memorial filed their proposed settlement with the court, Robert Pagoria, an aggrieved health care consumer from another Indiana Hill-Burton facility, Starke Memorial Hospital in Knox, Indiana, sought leave of the court to intervene as a plaintiff and class representative of the statewide class. Pagoria alleged that, although he qualified for free or low-cost hospital care under the Hill-Burton Act, Starke Memorial Hospital of Knox, Indiana, failed to inform him of the availability of uncompensated services through the Hill-Burton Act, and proceeded to charge Pagoria its normal fee for the services provided, and assigned Pagoria's unpaid account to a collection agency. The plaintiffs also sought leave to join Pagoria as a plaintiff and class representative of the statewide class. Neither the plaintiffs nor Pagoria notified the district court as to the reason for attempting to obtain a third named representative for the statewide class, some two-and-one-half years after such class originally sought certification.
 
 
 10
 In addition to the proposed settlement agreement, the plaintiffs filed a motion to exclude from the statewide class consumers of services from Ball Memorial Hospital. The plaintiffs asked that the statewide class be redefined as:
 
 
 11
 "All consumers of health care services who have been, are or will be eligible for uncompensated services from any facility located in the State of Indiana which has received funds pursuant to the Hill-Burton Act and therefore has given assurances to provide uncompensated care services and follow pertinent regulatory and statutory provisions, except all consumers of health care services at Ball Memorial Hospital."
 
 
 12
 (emphasis added). According to the plaintiffs' motion, "[t]he purpose of such exclusion is to prevent Ball Memorial Hospital Association from suffering inconsistent duplicative determinations should plaintiffs prevail and the state and federal defendants be ordered to monitor, enforce and sanction facilities under the Hill-Burton Act for noncompliance."
 
 
 13
 On June 4, 1982, one year after the class certification hearing, the district court approved the settlement between Davis, Bright, and Ball Memorial Hospital; certified the statewide class; granted the plaintiffs' motion to exclude Ball Memorial consumers from the statewide class;[8] denied a pending motion to dismiss filed by the Secretary; lifted the stay on proceedings against the state defendants and the Secretary; and denied both Pagoria's motion to intervene and the plaintiffs' motion to join Pagoria as a plaintiff and as a named representative of the statewide class. The district court granted the motion to exclude Ball Memorial consumers from the statewide class "to prevent Ball Memorial Hospital Association from being subjected to inconsistent duplicative determinations should plaintiffs prevail on their claim against the state and federal defendants." The district court treated Pagoria's motion to intervene as plaintiff and as statewide class representative as a motion for permissive intervention under Fed.R.Civ.P. 24(b). The district court, noting that the events alleged in the motion to intervene occurred in 1978, and that the action had been pending and actively litigated since 1978, pointed out that, "[n]o explanation was offered as to why he waited until January of 1982 to move to intervene." The district court denied as untimely both Pagoria's motion to intervene and the plaintiffs' motion to join Pagoria as a plaintiff and statewide class representative.
 
 
 14
 On October 13, 1982, approximately four months later, the Secretary filed a motion to dismiss on the grounds that: (1) the plaintiffs' settlement with Ball Memorial mooted their individual claims against the Secretary and precluded them from litigating as representatives in the statewide class action; and (2) the complaint failed to state a claim upon which relief could be granted. The plaintiffs filed an answer to the Secretary's motion to dismiss on October 29, 1982 but the Court did not rule on the motion to dismiss on that date and continued to rule on the discovery motions. The judge scheduled a trial for March 21, 1983. The case continued in litigation with both sides conducting further discovery while preparing for trial. The plaintiffs, on behalf of the statewide class, entered into a settlement with the state defendants which was approved by the district court on February 10, 1983. On that same day, the district court also ordered the Secretary to reply to the plaintiffs' memorandum in opposition to the Secretary's motion to dismiss. The Secretary's reply memorandum was filed on March 13, 1983. The parties filed with the district court their witness and exhibit lists, proposed findings of fact and conclusions of law and trial briefs. However, approximately two days before the trial was to commence, the district court granted the Secretary's motion to dismiss on the ground that the individual claims of the statewide class representatives were moot.[9] In his order, Judge Holder noted that, "[o]n June 4, 1982, the Court certified a class to continue the actions against the State and Federal defendants even though the named plaintiffs on February 10, 1982 excluded themselves from the actions against the State and Federal defendants. The named plaintiffs relinquished any status they might otherwise have had as appropriate class representatives. They cannot represent a class of which they undisputedly are no longer members." Judge Holder decertified the statewide class and also held that "the October 13, 1982 motion to dismiss of the defendant, Secretary of the Department of Health and Human Services of the United States of America, on the ground that plaintiffs' settlement with the defendant, Ball Memorial Hospital Association, Inc., has made their individual claims moot and precludes them from further litigating this case as a class action is SUSTAINED and the action of the named plaintiffs against the Secretary be, and is, hereby DISMISSED with prejudice." The plaintiffs appeal this dismissal arguing that the certification of the statewide class should "relate back" to the filing of the complaint.
 
 II.
 
 15
 Moot class actions divide into three categories: (1) those in which the claims of all the class members have become moot; (2) those in which the claims of several but not all the named plaintiffs have become moot; and (3) those in which the claims of all the named plaintiffs but not all the claims of the members of the class have become moot.[10] When the claims of all of the class members are moot, the action is moot. See, e.g., Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969). If the claims of several but not all of the named plaintiffs have become moot, the action is not moot; so long as a single representative plaintiff can continue to maintain a justiciable claim, the case may proceed to the merits. See, e.g., Goosby v. Osser, 409 U.S. 512, 514 n. 2, 93 S.Ct. 854, 856 n. 2, 35 L.Ed.2d 36 (1973).
 
 
 16
 Mootness principles applicable to class actions in which the claims of all the named plaintiffs but not all members of the class have become moot were summarized in United States Parole Commission v. Geraghty, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). The Supreme Court distinguished two aspects of the mootness doctrine: (1) whether the issues presented are still "live,"[11] and (2) whether the parties have a legally cognizable interest in the outcome ("personal stake"). Id. at 396, 100 S.Ct. at 1208. Evidence that the issues are "live" may be found from the attempted intervention by unnamed class members, see, e.g., Geraghty, 445 U.S. at 396, 100 S.Ct. at 1208; certification of a class, see, e.g., Franks v. Bowman Transportation Co., 424 U.S. 747, 755-57, 96 S.Ct. 1251, 1259-61, 47 L.Ed.2d 444 (1976); and refusal of a tender of settlement, see, e.g., Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 336-38, 100 S.Ct. 1166, 1173-74, 63 L.Ed.2d 427 (1980).[12] The second aspect of mootness, the personal stake requirement, is similar to standing in that the named plaintiffs must show "a personal stake in the outcome of the controversy," Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962), and a dispute which "touch[es] the legal relations of parties having adverse legal interests." Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240-41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937) (quoted in Geraghty, 445 U.S. at 397, 100 S.Ct. at 1209). Mootness has been defined as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence." Geraghty, 445 U.S. at 397, 100 S.Ct. at 1209 (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)).
 
 
 17
 Further, when the claim on the merits is "capable of repetition yet evading review," and the named plaintiff's claim is mooted before the district court can certify the class, the case is not mooted. Gerstein v. Pugh, 420 U.S. 103, 110 n. 11, 95 S.Ct. 854, 861 n. 11, 43 L.Ed.2d 54 (1975). In Gerstein, a challenge to pretrial detention conditions, the plaintiffs' claims were so inherently transitory that the trial court did not have enough time to rule on a motion for class certification before the proposed representative's individual interest expired. Geraghty, 445 U.S. at 399, 100 S.Ct. at 1210. The "capable of repetition yet evading review" exception to mootness applies where: (1) the named plaintiff had a personal stake in the outcome of the controversy at the outset of the lawsuit; and (2) the claim may arise again with respect to that plaintiff. Id. at 398, 100 S.Ct. at 1209. The certification of the class "relates back: to the filing of the complaint and the action, therefore, is not moot." Sosna v. Iowa, 419 U.S. 393, 402 n. 11, 95 S.Ct. 553, 559 n. 11, 42 L.Ed.2d 532 (1975).
 
 
 18
 The sole issue before this court is whether the district court erred in decertifying the statewide class. To resolve this question, we must determine: (1) whether there is a live controversy presented by the statewide class; (2) whether the named representatives' claims on the merits are moot; and (3) whether the class certification should "relate back."[13]
 
 
 19
 The initial question is whether there is a live controversy--the first aspect of mootness examined in Geraghty, 445 U.S. at 396, 100 S.Ct. at 1208. In the case at hand, a class certification hearing was held in which evidence was introduced showing that some 98 Indiana health care consumers had filed complaints with the Secretary concerning their denial of uncompensated care at 38 Indiana Hill-Burton medical facilities. The claims of these unnamed class members were extensively litigated between July 16, 1979, when the statewide class originally sought certification, and March 23, 1983, when the statewide class was decertified two days prior to trial. Furthermore, Robert Pagoria, a member of the statewide class, attempted to intervene as a class representative on the same day that the named representatives settled their claims with Ball Memorial Hospital. This evidence that a statewide class exists, that its interests were vigorously litigated, and that at least one class member has shown an interest in intervening to become a class representative demonstrates that for purposes of this appeal there is a "live" controversy unless time barred by a statute of limitations, between the Secretary and at least some members of the proposed statewide class. Cf. Geraghty, 445 U.S. at 396, 100 S.Ct. at 1208; Franks, 424 U.S. at 755-57, 96 S.Ct. at 1259-61.
 
 
 20
 The next issue is whether the named representatives' (Davis and Bright) claims on the merit are moot. Davis and Bright argue that their claims' merits are not moot because, "as potential future health care consumers at an Indiana Hill-Burton facility other than Ball Memorial Hospital, the named plaintiffs remain class members and retain an interest in getting defendants to follow the law." However, throughout this litigation Davis and Bright have represented that they were consumers of health care services at Ball Memorial Hospital and have not presented evidence establishing that they had in fact received health care services from any other Indiana Hill-Burton medical facility. The Supreme Court has repeatedly held that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." General Telephone Company of the Southwest v. Falcon, 457 U.S. 147, 156, 102 S.Ct. 2364, 2370, 72 L.Ed.2d 740 (1982). Davis and Bright have not presented one scintilla of evidence to show that they are members of a statewide class of health care consumers at Indiana Hill-Burton facilities other than Ball Memorial Hospital; rather, their unsupported assertions are mere speculation. Because Davis and Bright settled their claims against Ball Memorial and have failed to establish that they are members of the statewide class, as health care consumers at any other Indiana Hill-Burton medical facilities, their claims on the merits unquestionably are moot.
 
 
 21
 Davis and Bright attempt to avoid this finding that their substantive claims are moot by urging us to apply the "capable of repetition yet evading review" exception to mootness, thus allowing their substantive claims to "relate back" to the filing of their amended complaint in which the state defendants and the Secretary were added as defendants in the suit against Ball Memorial. Davis and Bright also argue that "if the trial court had certified the statewide class on June 4, 1983 and then after that approved the settlement with the Hospital, no mootness problems would have existed." The named plaintiffs further argue because the district court withheld its ruling on class certification, stayed the proceedings against the state defendants and the Secretary, and pressed the plaintiffs to settle with Ball Memorial, it "guaranteed that the plaintiffs would be presented with a mootness problem." Our review of the cases in which the named plaintiffs' claim on the merits were mooted before the class was certified reveals that the Supreme Court has allowed the named representative to represent the class on the merits only when the claim was capable of repetition yet evading review.[14] See e.g., Gerstein, 420 U.S. at 110-11 n. 11, 95 S.Ct. at 861 n. 11. In Gerstein, the "claims [were] so inherently transitory that the trial court [did] not have ... enough time to rule on a motion for class certification before the proposed representative's individual interest expire[d]." Geraghty, 445 U.S. at 399, 100 S.Ct. at 1210. Further, the "capable of repetition, yet evading review" doctrine is "applied where the named plaintiff does have a personal stake at the outset of the lawsuit, and ... the claim may arise again with respect to that plaintiff." Id. at 398, 100 S.Ct. at 1209. The litigation may continue even though the named representative currently lacks a personal stake in the outcome because, "[s]ince the litigant faces some likelihood of becoming involved in the same controversy in the future, vigorous advocacy can be expected to continue." Id. Unlike the plaintiffs in Gerstein, Davis and Bright do not press a claim that is inherently transitory; there was no danger that their claim would become moot before the district court could reasonably have been expected to rule on their class certification motion. Furthermore, Davis and Bright have received all of the relief they sought against Ball Memorial Hospital. Because Ball Memorial has adopted a plan providing notification of the availability of free or reduced cost care to patients qualifying under the Hill-Burton Act and review of rejected applications, there is no reason to believe that Davis and Bright will again be denied free or low-cost care at Ball Memorial Hospital. In addition, Davis and Bright failed to produce evidence to establish that they are likely to be denied free or low-cost care at another Indiana Hill-Burton medical facility. Thus, Davis and Bright lack a personal stake in the outcome on the merits both because they have settled their claims with Ball Memorial Hospital and they are not members of the statewide class, as health care consumers at other Indiana Hill-Burton medical facilities. We hold that the "capable of repetition, yet evading review" doctrine does not apply because the claim is not inherently transitory and is pressed by plaintiffs who are not likely to become involved in the same controversy in the future.
 
 
 22
 We turn now to the plaintiffs' argument that the case would not have been mooted by the settlement if the district court had certified the class after the certification hearing rather than withholding its ruling for one year, staying the action against the state defendants and the Secretary, and pressing Davis and Bright to settle their claims with the Ball Memorial Hospital. Fed.R.Civ.P. 23(c)(1) requires that "[a]s soon as practicable after the commencement of an action brought as a class action, the Court shall determine by order whether it is to be so maintained." In cases, "where mootness problems are likely to arise, district courts should heed strictly [this] requirement." Swisher v. Brady, 438 U.S. 204, 214 n. 11, 98 S.Ct. 2699, 2705 n. 11, 57 L.Ed.2d 705 (1978). In Swisher, the court found that mootness problems were likely to arise because of the "rapidity" of the state juvenile court proceedings challenged in that case. Id. If the class determination was not made immediately, it was almost inevitable that the named plaintiffs' claims would become moot before the class determination was made. In the present case, by contrast, there was no reason to expect the named plaintiffs' claims to become moot at all. These claims became moot not because some temporary condition was likely to change, but because the plaintiffs and the Ball Memorial Hospital agreed to settle on terms that redressed all of the plaintiffs' claimed injuries. Neither the settlement nor Davis and Bright's motion to exclude themselves from the class is the type of temporary condition likely to lead to the mootness contemplated by Swisher.
 
 
 23
 The plaintiffs further argue that the certification should relate back because the district court erred in denying the motions to join Pagoria as a named representative of the statewide class. "[W]hen a District Court erroneously denies a procedural motion, which, if correctly decided, would have prevented the action from becoming moot, an appeal lies from the denial and the corrected ruling 'relates back' to the date of the original denial." Geraghty, 445 U.S. at 406-07 n. 11, 100 S.Ct. at 1214 n. 11. However, the desirability of joining Pagoria to avoid mootness was raised neither in the plaintiffs' nor in Pagoria's motions. Rather, the claim that the district court should have granted those motions in order to avoid mootness and inadequate class representation was raised by the plaintiffs for the first time on appeal. "It is well settled, that a litigant may not seek reversal by this Court on a ground not presented to the district court for consideration." King v. Stevenson, 445 F.2d 565, 570-71 (7th Cir.1971). Moreover, the district court's denial of these motions has not been appealed. The plaintiffs have appealed only from the order decertifying the class and dismissing the action, and Pagoria has not appealed. Thus, any alleged error in the district court's denial of the motions to join Pagoria is not properly before this court.[15]
 
 
 24
 Based upon the foregoing analysis, unless time barred by a statute of limitations, the proposed statewide class has a "live" controversy, for purposes of this appeal, regarding their claim against the Secretary of Health and Human Services for the alleged due process violation and the failure to promulgate proper regulations. But, it should be pointed out that the named class representatives, Davis and Bright, no longer have a personal stake in the merits of this case. The final issues for our determination are whether the district court, in light of this evidence, erred in decertifying the class and in dismissing the action. Rule 23(a) provides:
 
 
 25
 "(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
 
 
 26
 A class representative must be "part of the class and 'possess the same interest and suffer the same injury' as the class members." East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977). To be a proper class representative, the named plaintiff must be a member of the class at the time the class action is certified. Sosna v. Iowa, 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975). "Moreover, if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." O'Shea v. Littleton, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974).
 
 
 27
 In the present case, the plaintiffs, Davis and Bright, moved to exclude themselves from the statewide class four months before the class was certified by the district court. Furthermore, Davis and Bright settled their claims with Ball Memorial Hospital and failed to establish that they are now or ever have been health care consumers at other Indiana Hill-Burton facilities. Thus, the record demonstrates that Davis and Bright, by their own motion; were not members of the statewide class at the time it was certified; that their particular injuries were redressed at the time of certification; and that they failed to demonstrate common interests with health care consumers at other Indiana Hill-Burton facilities. Thus, Davis and Bright could not fulfill the requirements as class representatives because, at the time the statewide class was certified, they failed to possess the same interests and suffer the same injuries as the class members. We hold that in view of the settlement, and the Motion to Exclude the Ball Memorial plaintiffs, class certification of the statewide class should have been denied originally because it lacked a class representative. Fed.R.Civ.P. 23(a). "If, on appeal, it is determined that class certification properly was denied, the claims on the merits must be dismissed as moot." Geraghty, 445 U.S. at 404, 100 S.Ct. at 1213. Accordingly, we hold that, because the class certification properly was denied, the plaintiffs' claims on the merits must be dismissed as moot.
 
 
 28
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Richard B. Kellam, Senior District Judge for the United States District Court for the Eastern District of Virginia, is sitting by designation
 
 
 [1]
 The named plaintiff, Susan Barber, was dismissed by Judge Holder for failure to wait six months after filing a complaint with the Department of Health and Human Services before filing suit as required by 42 U.S.C. Sec. 300p-2(c). That dismissal has not been appealed
 
 
 [2]
 Because the outcome of this appeal is determined on the ground of mootness rather than the Hill-Burton Act, the detailed explanation of the Hill-Burton Act given in the opinion in the first appeal of this case need not be repeated here. See Davis v. Ball Memorial Hosp., 640 F.2d 30, 32-33 (7th Cir.1980). The hospital's obligation under Hill-Burton to provide a percentage of free medical care to local indigent persons was explained by this court in Johnson County Memorial Hosp. v. Schweiker, 698 F.2d 1347 (7th Cir.1983). The history of the assurances requirement is set out in American Hospital Association v. Harris, 625 F.2d 1328 (7th Cir.1980)
 
 
 [3]
 After this case was remanded to the district court, the named plaintiffs amended their complaint to allege that the Secretary violated the Due Process Clause of the Fifth rather than the Fourteenth Amendment
 
 
 [4]
 In Davis I, this court declined to specify what procedures for reviewing eligibility claims must be provided by the hospitals. 640 F.2d at 43
 
 
 [5]
 The due process claim in the amended complaint is substantially the same as the one presented to this court in the first appeal
 
 
 [6]
 Specifically, the two classes were:
 "(a) all consumers of health care services who have been, are, or will be eligible for, or assert eligibility for, uncompensated services from Ball Memorial Hospital Association, Inc.....
 "(b) all consumers of health care services who have been, are, or will be eligible for, or assert eligibility for uncompensated services from any facility located in the State of Indiana which has received funds pursuant to the Hill-Burton Act ... and therefore have given assurances ... to provide uncompensated care services and to follow pertinent regulatory and statutory provisions."
 
 
 [7]
 Before September 1, 1979, the federal regulations required the state agency administering the Hill-Burton Act in the state to "set forth in its state plan, subject to approval by the Secretary, criteria for identifying persons unable to pay for services." 42 C.F.R. Sec. 53.111(g). Under the Indiana Plan, the criteria to be applied in identifying persons eligible for uncompensated services included: (1) whether the applicant had health and medical care insurance coverage; (2) whether alternative reimbursement programs were available to the applicant; and (3) whether the applicant's personal or family income was above the eligibility level
 
 
 [8]
 Judging from the order certifying the statewide class, the order in which events occurred was: first to approve the settlement; second to lift the stay against the proceedings against the state defendants and Secretary; third to certify the statewide class; and fourth to exclude the Ball Memorial consumers from the statewide class
 
 
 [9]
 The district court's order did not address the issue of whether the complaint stated a claim for which relief could be granted
 
 
 [10]
 Comment, A Search for Principles of Mootness in the Federal Courts: Part Two--Class Actions, 54 Texas L.Rev. 1289, 1320 (1976) (cited with approval in United States Parole Commission v. Geraghty, 445 U.S. 388, 407 n. 12, 100 S.Ct. 1202, 1214 n. 12, 63 L.Ed.2d 479 (1980))
 
 
 [11]
 If the first element of the mootness test--presence of a "live" issue--is not satisfied, the entire case is moot and the case does not fall in the third category of cases--those in which the claims of all the named plaintiffs but not all the claims of the members of the class have become moot
 
 
 [12]
 There is some disagreement among the Justices of the Supreme Court over whether the absent class members must take some affirmative action for the issues to be considered "live." See Roper, 445 U.S. at 342-44, 100 S.Ct. at 1176-77 (Stevens, J., concurring). The issue of whether the issues are "live" if the absent class members fail to take affirmative action is not before us because, in the case at hand, as at least one statewide class member took affirmative action by attempting to intervene
 
 
 [13]
 In Geraghty, the Supreme Court reasoned that "[a] plaintiff who brings a class action presents two separate issues for judicial resolution. One being the claim on the merits and the other being the claim that he is entitled to represent a class. 'The denial of class certification stands as an adjudication of one of the issues indicated.' " 445 U.S. at 388-89, 100 S.Ct. at 1205 (quoting Deposit Guaranty Nat. Bank v. Roper, 445 U.S. 326, 336, 100 S.Ct. 1166, 1173, 63 L.Ed.2d 427 (1980)). In the present case, Davis and Bright have "continue[d] vigorously to advocate [their] right to have a class certified." Geraghty, 445 U.S. at 404, 100 S.Ct. at 1212. Thus, under the Supreme Court's reasoning in Geraghty and Roper, even though Davis and Bright are no longer members of the statewide class, they may continue to press the appeal of the district court's class decertification order. See Geraghty, 445 U.S. at 404, 100 S.Ct. at 1212
 
 
 [14]
 In Geraghty and Roper, the Court only held that the named class representatives whose claims had become moot, could appeal the denial of class certification. "The question of who is to represent the class is a separate issue." Geraghty, 445 U.S. at 407, 100 S.Ct. at 1214. The plaintiffs in Indianapolis School Comm'rs v. Jacobs, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); Weinstein v. Bradford, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); and Pasadena City Bd. of Ed. v. Spangler, 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976) could not represent their classes because they attempted to appeal the merits of their cases without first having obtained proper certification of a class. Geraghty, 445 U.S. at 400 n. 7, 100 S.Ct. at 1211 n. 7. "A named plaintiff whose claim expires may not continue to press the appeal on the merits until a class has been properly certified." Id. at 404, 100 S.Ct. at 1212
 The Court allowed the named representative to represent the class even though his claim had been mooted in Franks v. Bowman Transp. Co., Inc., 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976) because the class was certified before the representative's claim was mooted. The Court held that, "mootness turns on whether, in the specific circumstances of the given case at the time it is before this Court, an adversary relationship sufficient to fulfill this function exists." 424 U.S. at 755-56, 96 S.Ct. at 1260. The Court was convinced that an adversary relationship existed because the unnamed members of the class were identifiable individuals, named in the record, whose employment rights clearly were affected by the litigation.
 
 
 [15]
 We note that Pagoria and all members of the proposed statewide class, unless time barred by a statute of limitations, may institute their own proceedings against the Secretary of Health and Human Services for alleged violations of the Hill-Burton Act and the Due Process Clause of the Fifth Amendment