IN THE UNITED STATES DISTRICT COURT 
 FOR THE NORTHERN DISTRICT OF ILLINOIS 
 EASTERN DIVISION 

SHANNON HUNT and LANETTE ) 
JOHNSON, on behalf of themselves and ) 
all others similarly situated, ) 
 ) 
 Plaintiffs, ) 
 ) 
 vs. ) Case No. 22 C 4744 
 ) 
THE KROGER CO., ) 
 ) 
 Defendant. ) 

 MEMORANDUM OPINION AND ORDER 
MATTHEW F. KENNELLY, District Judge: 
 Plaintiffs Shannon Hunt and Lanette Johnson have moved to certify a class of 
persons similarly situated on their claims against the Kroger Company. For the reasons 
discussed below, the Court denies plaintiffs' motion. 
 Background 
 This lawsuit concerns allegedly misleading language found on over-the-counter 
(OTC) lidocaine adhesive patches manufactured and sold by Kroger Company under 
the "Kroger" brand. In an earlier ruling, the Court limited the plaintiff's claims to the 
contention that it was misleading to say on the product label that it would deliver "Up to 
8 Hours of Relief" and to use the term "Maximum Strength," in light of the plaintiff's 
allegations that the patches would regularly peel off the bodies of users within a few 
hours of being applied and often within minutes of application. Order on Mot. to Dismiss 
at 8–10.] Following the Court's order on defendant's motion to dismiss, Hunt and 
Johnson were substituted for Tiffany Agee, the original plaintiff, and an amended 
complaint was filed. Aside from the change in the named plaintiffs, the amended 
complaint did not materially alter the plaintiffs’ allegations. 
 Plaintiffs have moved to certify the following class: 
 all persons who purchased the adhesive patches containing lidocaine 
 ("Product") labeled as identified in the Complaint, sold by The Kroger Co. 
 ("Defendant") under the Kroger brand in Illinois, from September 4, 2019 
 through the present.... 
 Mot. for Class Cert. at 1. Kroger opposes the motion and has moved to strike the 
declaration of Dr. Andrea Lynn Matthews, upon which plaintiffs' motion relies. 
 As indicated, the product identified in plaintiffs’ complaint includes the language 
"Maximum Strength” and "Up to 8 Hours of Relief" on the front of the package, and the 
directive "remove patch from the skin after at most 8 hours of application” on the back of 
the package. Am. Compl. J] 1, 18. The label is depicted below. 
 eee seat sues | Neal nL ee
 tm □□ <= ah i T ] @ NOC □□□□□ □□□□□ 
 fall Oni Be | fh Wwe | zs / \ 
 YALE Alot SN] □□ : ©
 _f aS eS ict] ee rag □□□ Se’ 
Seer |) 
Active ingredient Purpose a a?
 □□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□ tiseitimentnntenenen meena Topical anesthetic oO sy 7” 
 eo Lidocaine
dont bE 
 ae atic os te renee HS | Patcn VA 
 avd ao □□□ 
sorrobadaesy es > orerelin=y} 
 wed SADA lng nia; pel wy anny _ sKojolfero] W\ar=citg\-it(e 
conditions worsen rela steel □□□ (-lo) Oe Gaeta 
 cer up a onan wit ew ye itere ece. |sle) □□ 
 pregnant or breast-feeding, ask a health professional before use, 
Keep out of reach of children, If swallowed, get medical help or contact a Poison Control Center right away (1-800-222-1222), 
Directions 
 For Temporary Relief of Pain 
 Nnoretee
Mapply 1 patch at a time to affected area, not more than 3 to 4 times daily ie □ ee dst ean ves
niece Nurioxg Hort 
Other information er Unscented 
mstore at 20-25°C (68-77°F) FA Ale 
 re 
ee cere propylene glycol, propylparaben, purified water, sadium polyacrylate, sodium polyacrytate = 
 3-3 ca 
 “Salonpos® is a registered trademark of Hisaritsu DISTRIBUTED BY THE KROGER CO. 3 5 
 Leen ea ee nnoinn 6 PATCHES 
 a = (10cm x 14cm)

 In its response to plaintiffs' motion, Kroger says it had two suppliers for the 
Kroger-brand lidocaine patch product in Illinois. The label on what Kroger calls the 
"Supplier 1 Product” contained the language referenced in the original and amended 
complaint. According to Kroger, this product was sold from June 2019 to early 2024, 
only in Kroger banner stores. The "Supplier 2 Product," Kroger says, had a different 
label. It did not include the language "Up to 8 Hours of Relief" on the front or the words 
"remove patch from skin after at most 8 hours of application" on the back. Instead, the 
Supplier 2 Product makes no mention of hours of relief on the front and includes the 
directive "Use one patch for up to 12 hours" on the back. The Supplier 2 Product, 
Kroger says, was only available for purchase at Kroger and Mariano's banner stores 
starting in August 2023. Def's Resp., Ex. 1 (Cordrey Decl.) J] 6-11 & Ex. 2. The 
Supplier 2 Product label is depicted below. 
 \ / fee NI BeRe TS Mane eaten TD □□□ eke te el □□ 
 HOW TO APPLY \__/ ten NDC □□□□□□□□□□□□ 
 (ate ell = IN | 
 RNAS SERN] | ep 
 CAS Sew ee) PE: 
 PULLTO PEEL OFF ONE PLAGE PATCH PEEL OFF OTHER PRESS FIRMLY hye Cc. 5 
 SEPARATE FILM = SIDE OF FILM SKIN SIDE OF FILM. TO SKIN □□
 na O 5 Maximum Strength’ 
 Drug Facts □□ oO re 
 LICHOCERIIUE 4.0% cnnven envon inser rien □□□□□□□□□□□□□□□□□□□□□ ones risa □□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□□ TOPICA! BNGBNStIC Faire} a 
 stabs Rw aeRO a p h 
 scivechacive rgd W'poh beamaged opened. □□ Ff "U atc 
 GavtonmDovot aon soi! wh the eyee mw Go nl ake atthe same ine aa othe opel males 3 es o 
 ae aS 
 ee aS Lloro au a 
 reg re es Sean Ser real Ap ce aL ALS yf also a [tol a Ge 
 auto Tench at enidren and pats svalcrd, got media] a 6 GOnte Pazon COAST — Se a 
 me 1222 right away. For Relief of Pain 
 ce 
 roel 
 ofe 
 Seon ROCREEAEREaT PR 
 PEREGO OS it eat 
 reins et ema, ser 6 PATCHES 
 Scan UPC Using Your oe ae 
 cee (MM ay ERs 
 ees oN 2608019 12lll g i (1 cm x 14cm) 
 Plaintiffs do not dispute these facts. Both Hunt and Johnson testified that they

purchased the Product not at Kroger stores but rather at Mariano's stores in the years 
2023 and 2024, respectively. (Kroger owns the Mariano's brand.) 
 Discussion 
 Federal Rule of Civil Procedure Rule 23(a) requires that a "class representative 

must be part of the class and possess the same interest and suffer the same injury as 
the class members." Davis v. Ball Mem'l Hosp. Ass'n, Inc., 753 F.2d 1410, 1420 (7th 
Cir. 1985) (internal quotation marks omitted). To put it another way, "A litigant must be 
a member of the class which he or she seeks to represent at the time the class action is 
certified by the district court." Sosna v. Iowa, 419 U.S. 393, 403 (1975). The named 
plaintiffs in this case have not shown that they are members of the class they seek to 
represent. 
 The complaint in this case, and the Court's ruling allowing it to proceed in part, 
was premised on the contention that the product label's statement that it would deliver 
"Up to 8 Hours of Relief" was false and misleading because the lidocaine patch was 

likely to fall off the user's body way before 8 hours had passed. That is the key 
representation upon which the claims of the alleged class are based. See Am. Compl. 
¶¶ 3, 16, 68. 
 Neither of the named plaintiffs, however, purchased that product. The patches 
with the "Up to 8 Hours of Relief" label were sold only in Kroger banner stores. Kroger 
has established that with evidence that the plaintiffs do not contest. Neither plaintiff, 
however, purchased lidocaine patches at a Kroger store. Rather, they both purchased 
the patches at Mariano's stores. Kroger has established—and in fact it is undisputed—
that the lidocaine patches sold at Mariano's stores did not have the "Up to 8 Hours of 
Relief" label. Rather, as discussed earlier, the packaging for the patches sold at 
Mariano's stores made no mention of hours of relief on the front and included a 
materially different directive, "Use one patch for up to 12 hours," on the back. The 
packaging on the product sold at Mariano's did not—at least did not expressly—promise 

a particular number of hours of relief. 
 The amended complaint in this case, like the original complaint, makes no 
mention of a second product label. Rather, it depicts only the product label bearing the 
"Up to 8 Hours of Relief" statement—the Supplier Product 1 Label. See id. ¶ 1. The 
amended complaint does not reference the "Use one patch for up to 12 hours" 
statement that is found on the Supplier Product 2 label. Thus the complaint that is 
before the Court, and on which the claims of the class are based, says nothing about 
the label on the product that both of the proposed class representatives purchased. 
 Plaintiffs ask the Court to overlook this disconnect. They argue, in effect, that it 
makes no difference because the patch did not stay on as long as the language on 

either label indicated. But despite the plaintiffs' suggestion to the contrary, it is not the 
case that one label promises eight hours of relief and the other promises twelve hours 
of relief. The only product whose labeling expressly references hours of relief is the 
Supplier 1 Product, sold only at Kroger banner stores, which includes the language "Up 
to 8 Hours of Relief" on the front of the package. Given that statement, the directive on 
the back of the package to remove the patch after "at most 8 hours" supports the 
inference that the product will adhere to the skin and will provide relief for at least eight 
hours. Cordrey Decl., Ex. 1. The Supplier 2 Product, on the other hand, includes no 
promises at all regarding hours of relief; the closest it gets is the statement on the rear 
of the package to "[uJse one patch for up to 12 hours." /d., Ex. 2. This is a material 
difference. And just as importantly for present purposes, the complaint includes no 
allegation that this representation is false or misleading, and it has not been reviewed 
by the Court to determine if it passes muster. 
 In short, the plaintiffs did not see or receive the key misrepresentations alleged in 
the amended complaint. As the Court sees it, any claims they might have brought are 
not included in the amended complaint. A complaint that asserts claim A cannot be the 
basis to certify a class of plaintiffs that cannot assert claim A and instead can assert 
only claim B. "To be a proper class representative, the named plaintiff must be a 
member of the class at the time the class action is certified." Davis, 753 F.2d at 1420. 
Neither Hunt nor Johnson are proper class representatives because they did not 
purchase the product whose label the amended complaint alleges is false and 
misleading. The Court therefore denies their motion for class certification. 
 Conclusion 
 For the foregoing reasons, the Court denies the plaintiffs’ motion for class 
certification [dkt. no. 55] and denies as moot defendant's motion to strike [dkt. no. 66]. 
The case is set for a telephonic status hearing on November 4, 2024 at 9:00 a.m., using 
call-in number 650-479-3207, access code 2305-915-8729 The parties are directed to 
confer in good faith to attempt to agree upon a schedule for further proceedings and are 
to file a joint status report in this regard on October 28, 2024. 

 United States District Judge 
Date: October 21, 2024