Lowell PETERSON, et al., Plaintiffs,

v.

Doris J. HANSON, as Secretary of the Department of Administration, State of Wisconsin, Defendant.

No. 81–C–994.

United States District Court, E.D. Wisconsin.

June 10, 1983.

Reconsideration Granted Aug. 18, 1983.

Thomas W. Bertz and John E. Shannon, Jr., Anderson, Fisher, Shannon, O'Brien & Rice, Stevens Point, Wis., for plaintiffs.

Bronson C. LaFollette, Wis. Atty. Gen. by John J. Glinski, Asst. Atty. Gen., Madison, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

This is an action for declaratory and injunctive relief and damages, brought pursuant to 42 U.S.C. § 1983 and the fourteenth amendment to the United States Constitution. On July 15, 1982, I entered an order certifying a plaintiff class consisting of all persons who are or have been employed as circuit court reporters in Wisconsin during the period beginning on August 1, 1978, and ending on the date judgment is entered in this case. The plaintiffs claim that their salaries, administered by the defendant, are structured in such a way as to violate the equal protection clause of the fourteenth amendment. By agreement of the parties, the case has been submitted to the court for resolution of the liability issue, based on stipulated facts and documents.

A brief summary of the relevant facts will be helpful. Prior to August 1, 1978, Wisconsin's state trial courts were divided into two categories: circuit courts and county courts. Court reporters in the circuit courts were paid by the state. One-half of the base salary of county court reporters was paid by the state; the other half was paid by the county in which the court was located.

In addition to the base salary paid to reporters by the state and/or the counties, each county was permitted to pay its circuit and county court reporters an additional payment known as a county supplement, if it so desired. Some counties paid large supplements; other counties paid smaller supplements or none at all.

On August 1, 1978, state legislation creating a single level trial court system in Wisconsin went into effect. All county courts became circuit courts, and the circuit courts all had the same functions and responsibilities. Judges who had previously been county court judges became circuit court judges, and all judges' salaries were equalized. Former county court reporters became circuit court reporters, but their salaries were not equalized.

As part of the new legislation, § 20.923(7m), Wis.Stats., provided that the salaries of all circuit court reporters and former county court reporters who became circuit court reporters on August 1, 1978, continue at the same rate earned before that date. These reporters are eligible for annual pay increases pursuant to § 20.923(7), Wis.Stats. The increases are based on a percentage of the reporter's salary, but such percentage is computed without regard to the portion of salary previously received as a county supplement.

For court reporters hired after August 1, 1978, the salary range is established in § 20.923(7), Wis.Stats. This salary range is not tied to the former county supplement pay system.

The impact of §§ 20.923(7) and 20.923(7m) for the plaintiffs is that all court reporters are now circuit court reporters with the same functions and responsibilities, but they are not paid the same. A reporter falls into a different salary classification depending on the amount, if any, of the county supplement he or she received prior to August 1, 1978. The highest coun-

ty supplement paid at that time was $434.00 per month; the lowest supplement was zero.

Based on these and other stipulated facts, it is clear that the members of the plaintiff class are similarly situated in their employment, yet paid different salaries. Whether this difference in treatment is violative of the equal protection clause depends on whether the difference is rationally based. *See, e.g., Barry v. Barchi,* 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979). The salary statutes in question should be upheld unless the varying treatment of the reporters is so unrelated to the achievement of some legitimate legislative purpose that they must be considered irrational. *Vance v. Bradley,* 440 U.S. 93, 97, 99 S.Ct. 939, 942, 59 L.Ed.2d 171 (1979).

The plaintiffs claim that there is no rational basis for distinguishing between court reporters, for purposes of salary, on the basis of whether they previously worked in a county in which a supplement was paid. The defendant argues that there may have been a rational reason for continuing the pre-existing pay discrepancy; the county supplements may have been based on reporter proficiency.

In support of their position, the plaintiffs point to the conclusions of the court reporter qualification and compensation committee. The latter committee was formed pursuant to the legislative mandate of § 753.-18(3), Wis.Stats., and it included a member of the defendant's staff. Its final recommendation of February, 1980, and two letters or reports by its chairperson summarizing and explaining the recommendations, have been entered into the record by stipulation. In short, the committee concluded that broad salary differentials generated by county supplements are irrationally based on the date, county, and status of appointment rather than on job proficiency.

The defendant accurately states that the findings of the court reporter committee are not binding on this court. However, on the present stipulated record, the committee's conclusions stand uncontradicted. I am faced with a record that demonstrates that discretionary county supplements were paid to all reporters in some counties, that such supplements varied from county to county, and that in some counties the base salary was not supplemented at all. These pay differences were incorporated into a new single level court system in which all reporters have the same job responsibilities. A committee directed by statute to study the matter determined that the salary differences are not based on job proficiency. The defendant has not found fault with any aspect of the committee's report except its conclusion.

The record indicates that county supplements were paid on a county-to-county discretionary basis. There is ample support for the finding that the supplements were not incorporated into the single level trial court system on the basis of individual reporter skill, experience, or other identifiable reasonable ground. I conclude that there is no rational reason for disparate salary classifications based on previous receipt of county supplements, and I find that §§ 20.-923(7) and 20.923(7m), Wis.Stats., violate the equal protection clause by creating such classifications.

I am persuaded that injunctive relief is proper in the case at bar. *See Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1905). The defendant will be required to pay each member of the class the difference between the highest county supplement incorporated into the present salary structure, $434.00, and the portion of the reporter's salary representing the county supplement he or she previously received. Annual salary increases and fringe benefits must be adjusted correspondingly.

I reject the defendant's suggestion that court reporters' salaries be equalized by a general reduction in salary to the lowest present level if an equal protection violation is found. In support of this position, the defendant cites cases holding that invalidation of an amendment to a statute leaves the original statute intact. This authority is not applicable in the case at bar, where the previous circuit and county court sys-

tems were supplanted by an entirely new statutory scheme.

Moreover, the defendant's argument on this matter runs contrary to the balance of equities in the case. In view of the unconstitutionality of the present salary structure, any adjustment in pay should extend in favor the plaintiffs.

I reserve for a later date my ruling on the question of compensatory damages and interest thereon. I am not certain, in light of *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1978), *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1973), and other similar cases, that the plaintiffs are entitled to retroactive monetary relief. *See also Buckhanon v. Percy,* 708 F.2d 1209 (7th Cir.1983); *Adden v. Middlebrooks,* 688 F.2d 1147 (7th Cir.1982); *Owen v. Lash,* 682 F.2d 648 (7th Cir.1982).

My denial of the defendant's motion to dismiss relied, in part, on *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), which held that plaintiffs should be given an opportunity to demonstrate entitlement to damages. However, I did not rule that the plaintiffs' claim for damages would not ultimately be barred by the eleventh amendment.

This case was presented for resolution of the liability issue only, and the parties have not had a full opportunity to present their views on the damage issue. I believe further briefing would be of assistance.

I will enter no order at this time on the attorney's fees question; it will be addressed at the conclusion of this case. Counsels' submissions on this issue would also be helpful.

Therefore, IT IS ORDERED that §§ 20.-923(7) and 20.923(7m), Wis.Stats., be and hereby are declared unconstitutional to the extent that they base present salaries and benefits for the plaintiffs on the existence and amount of county supplements paid prior to August 1, 1978.

IT IS ALSO ORDERED that future monthly salaries paid by the defendant to each of the plaintiffs be increased by a sum equal to the difference between $434.00 and the portion of that court reporter's salary representing the amount of the county supplement, if any, he or she previously received.

IT IS FURTHER ORDERED that future salary-based benefits paid by the defendant to the plaintiffs be adjusted in accordance with the above-ordered salary increases.

IT IS FURTHER ORDERED that the parties submit memoranda regarding the plaintiffs' entitlement to damages, as outlined in this decision, and also on the attorney's fees issue, pursuant to the following schedule:

1. The plaintiffs' supporting brief should be served and filed by July 1, 1983.
2. The defendant's opposition brief should be served and filed by July 15, 1983.
3. The plaintiffs' reply brief, if any, should be served and filed by July 29, 1983.