**Lowell PETERSON, et al., Plaintiffs,**

v.

**Doris J. HANSON, as Secretary of the Department of Administration, State of Wisconsin, Defendant.**

**No. 81-C-994.**

United States District Court,
W.D. Wisconsin.

Aug. 18, 1983.

Anderson, Fisher, Shannon O'Brien & Rice by Thomas W. Bertz, Stevens Point, Wis., for plaintiffs.

LaFollette, Sinykin, Anderson & Munson by Linda M. Clifford, Madison, Wis., for defendant.

MEMORANDUM OF CERTIFICATION

MYRON L. GORDON, Senior District Judge.

The defendant in this case has moved the court to reconsider its decision and order of June 10, 1983, 565 F.Supp. 87. In that decision, I entered an order declaring that Wis.Stat. §§ 20.923(7) and (7m) were unconstitutional to the extent that they based present salaries and benefits for the plaintiffs (state court reporters) on the existence and amount of certain county supplements paid prior to August 1, 1978. I ordered that future monthly salaries paid to the plaintiffs be increased by the difference between $434 (the highest county supplement previously paid) and the portion of that court reporter's salary representing the amount of the county supplement, if any, he or she previously received. I also ordered that future salary-based benefits be accordingly adjusted.

The defendant has now asked for reconsideration of that portion of the June 10 decision

"requiring that future monthly salaries paid by the defendant to each of the plaintiffs be increased by a sum equal to the difference between $434.00 and the portion of that court reporter's salary representing the amount of the county supplement, if any, he or she previously received, and requiring that future salary-based benefits paid by the defendant to the plaintiffs be adjusted in accordance with the above-ordered salary increases."

In addition, the defendant has filed a notice of appeal to the court of appeals for the seventh circuit from the same portion of the decision.

In support of her motion for reconsideration, the defendant notes that §§ 20.923(7) and (7m) were repealed (effective May 6, 1982). The defendant has submitted an affidavit by J. Denis Moran, director of state courts, stating that a new court reporter qualification and compensation plan was implemented on June 1, 1982. Mr. Moran claims that under this plan, the salary disparities created by §§ 20.923(7) and (7m) have been eliminated for some court reporters and are in the process of being eliminated for others. Mr. Moran asserts that implementation of the relief ordered by this court will reintroduce salary disparities based on county supplements previously paid some reporters.

In their responsive brief, the plaintiffs ask that the court deny the motion for reconsideration. However, they also ask to be given an opportunity to review the effect of the June 10 order on the plaintiffs' treatment under the court reporter pay plan now in effect. They assert that there are factual issues which require resolution before that effect can be determined. The plaintiffs have included with their brief a letter from one of the plaintiffs, Wesley Gales. Mr. Gales disputes Mr. Moran's conclusions about the current pay plan's elimination of salary disparities and the effect of the June 10 order on the pay plan. However, he also suggests that certain adjustments in the plan may be necessary if the June 10 order is implemented.

The issue of liability in this case was decided on the basis of stipulated facts filed by the parties in September, 1982. The stipulations contained no mention of the repeal of Wis.Stat. §§ 20.923(7) and (7m) or of the implementation of a new pay plan, which apparently took place on June 1, 1982. No materials supplementing the September, 1982, submissions were filed with this court before the decision and order of June 10, 1983.

The issues of liability and appropriate relief in this case were decided based on the stipulations submitted by the parties; the stipulations failed to mention the new pay plan that had been put into effect. It appears possible from the current submissions of the parties that the relief ordered based on the earlier stipulations may have unforeseen and unwarranted effects on the payment of reporters under the pay plan now in effect. It also appears that there is considerable dispute concerning the effect of the June 10 order on reporter salaries under the new plan.

Because the remedy ordered in the June 10 decision was fashioned on the basis of incomplete information, I believe it would be appropriate to grant the defendant's motion for reconsideration. My holding that Wis.Stat. §§ 20.923(7) and (7m) are unconstitutional remains unaffected by such a determination. The issue of damages and attorney's fees remains open; briefs have been received on this issue in accordance with the June 10 order.

I do not believe the motion for reconsideration can properly be characterized as a motion under Rule 60(b), Federal Rules of Civil Procedure. That rule applies only to *final* judgments and orders; no final judgment or order has yet been made in this case. Rather, the motion must be considered to be directed to the court's inherent power to modify or rescind interlocutory orders prior to final judgment. *See John Simmons Co. v. Grier Bros. Co.,* 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475 (1922); *Bon Air*

*Hotel, Inc. v. Time, Inc.,* 426 F.2d 858 (5th Cir.1970); Advisory Committee Report on Proposed Amendments to Rules of Civil Procedure, 5 F.R.D. 433, 479 (1946).

In the case of motions under Rule 60 where an appeal has also been taken from the judgment or order involved, the court of appeals for the seventh circuit has approved a procedure whereby the district court, if disposed to grant the Rule 60 motion, may certify that fact so that a motion for remand of the pending appeal may be favorably entertained in the court of appeals. *See United States v. Ellison,* 557 F.2d 128 (7th Cir.1977). I believe this procedure should be used in the present case, where the defendant has filed both a notice of appeal and a motion for reconsideration of the court's June 10, 1983, decision.

Therefore, I hereby certify my intention to grant the defendant's motion for reconsideration of those portions of the June 10, 1983, order that required the defendant to increase future monthly salaries paid to the plaintiffs by a sum equal to the difference between $434 and the portion of that court reporter's salary representing the amount of the county supplement, if any, he or she previously received, and required the defendant to adjust future benefits paid the plaintiffs in accordance with the mandated salary increases.