**Denise WILLIAMS, on her own behalf and on behalf of all others similarly situated, Plaintiff,**

v.

**CITY OF CHICAGO; Fred Rice, Superintendent of Police; George Basile; Frank Glynn; Michael Rowan; James O'Rourke, Detectives, Chicago Police Department; John Burge, Lieutenant, Chicago Police Department, Defendants.**

No. 84 C 5909.

United States District Court, N.D. Illinois, E.D.

March 5, 1985.

Tom Peters, Murphy, Peters, Davis & O'Brien, Chicago, Ill., for plaintiff.

Robert W. Fioretti, Asst. Corp. Counsel, Diane J. Larsen, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Denise Williams ("Williams") brings this action against the City of Chicago ("the City") and certain members of the Chicago Police Department based on her involuntary post-arrest detention at a Chicago police station for approximately 72 hours. Williams alleges that she was detained pursuant to a city-wide policy which unconstitutionally authorizes police officers to detain arrestees indefinitely without appointment of counsel, judicial determination of probable cause or a bond hearing while the officers complete their investigation of the arrestees. Williams seeks monetary damages for herself, as well as declarative, injunctive and monetary relief for all those similarly situated. She also petitions this Court for a preliminary injunction barring the City's use of post-arrest investigatory detentions. Presently before the Court is the City's motion to dismiss both the petition for a preliminary injunction and any other claim for injunctive relief.[1] For the reasons stated below, the City's motion is granted.

■ Article III of the United States Constitution requires the existence of an actual case or controversy in order for a plaintiff to invoke federal jurisdiction. *United States Parole Commission v. Geraghty*, 445 U.S. 388, 395–97, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980); *Flast v. Cohen*, 392 U.S. 83, 94–101, 88 S.Ct. 1942, 1949–53, 20 L.Ed.2d 947 (1968). Without a showing of any continuing, present adverse effects, past exposure to illegal conduct does not in itself show a present case or controversy for purposes of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S.Ct. 669, 676, 38 L.Ed.2d 674 (1974).

■ Even if we assume that Williams was illegally detained by the police, she has not alleged or shown a real and immediate threat that she will again be detained in the future.[2] Thus, Williams has not satisfied the prerequisites for seeking injunctive relief. *Lyons*, 461 U.S. at 109, 103 S.Ct. at 1669; *Trotter v. Klincar*, 566 F.Supp. 1059, 1061–62 (N.D.Ill.1983), *aff'd*, 748 F.2d 1177 (7th Cir.1984).

Williams argues that her case differs significantly from *Lyons*, in that *Lyons* was not a class action. It is true that the

---

**1.** The City does not dispute that Williams has a viable claim for monetary damages. Rather, the City simply argues that because Williams was no longer detained by the police at the time she filed her complaint, she does not have standing to seek injunctive relief for herself or on behalf of a class.

**2.** This case is therefore distinguishable from *Thomas v. City of Chicago*, No. 83 C 5601 (N.D. Ill. Aug. 30, 1984), in which the plaintiff remained the primary suspect in an unsolved murder investigation and accordingly satisfied the *Lyons* standing test.

Supreme Court has distinguished between individual suits and class actions in applying the doctrine of mootness. However, we disagree with Williams' contention that the Supreme Court would relax the *Lyons* standing requirements in class actions.

In *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), the Supreme Court held that although the named plaintiff's individual claim became moot after a class had been certified, the entire action was not rendered moot. *Id.*, 419 U.S. at 401–02, 95 S.Ct. at 558–59. The Court extended this class action exception to certain cases in which the named plaintiff's case expired before the district court ruled on the class certification motion in *Gerstein v. Pugh*, 420 U.S. 103, 110 n. 11, 95 S.Ct. 854, 861 n. 11, 43 L.Ed.2d 54 (1975). And in *United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), the Court held that a named plaintiff whose claim had become moot could still challenge the district court's refusal to certify a class. *Id.*, 445 U.S. at 404, 100 S.Ct. at 1212.

However, in each of those cases—unlike Williams' situation—the named plaintiffs had standing to sue for injunctive relief at the beginning of the litigation. This distinction is critical. As the Court noted in *Sosna*, "Our conclusion that this case is not moot in no way detracts from the firmly established requirement that the judicial power of Art. III courts extends only to 'cases and controversies' specified in that Article. There must ... be a named plaintiff who has such a case or controversy at the time the complaint is filed...." *Sosna*, 419 U.S. at 402, 95 S.Ct. at 559.[3] Thus, we do not believe the Supreme Court would allow a plaintiff like Williams, who *never* had standing to sue for injunctive relief on her own behalf, to claim standing to sue for such relief on behalf of a class.

One reported case, however, does adopt Williams' position. In *Lewis v. Tully*, 99 F.R.D. 632 (N.D.Ill.1983), another judge in this district held that a plaintiff could seek injunctive relief on behalf of a class in spite of the fact that he did not satisfy the *Lyons* standing test. The court in *Lewis* held that the *Lyons* test should be applied to the class as a whole rather than to the named plaintiff, and that the named plaintiff had a sufficient personal stake in the litigation where he had been subjected to the allegedly illegal conduct in the past—although he personally was no longer subjected to the challenged conduct and could not allege a real and immediate threat that he would suffer injury in the future.

We respectfully disagree with the *Lewis* court's conclusions. In the first place, the court gives short shrift to certain aspects of *Lyons*. Although *Lyons* does not appear to involve a class action, the plaintiff in that case sought preliminary and permanent injunctive relief which would benefit not only himself but every person who dealt with the Los Angeles police. Moreover, to justify the general bar against chokeholds that he sought, the plaintiff alleged that *numerous persons* had been injured or killed from such holds, and that he and *others similarly situated* were threatened with irreparable injury. In ruling that the plaintiff lacked standing, the Supreme Court relied heavily on *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), a *class action* in which the Court held that none of the named plaintiffs had alleged a case or controversy. The Court also ruled that the claim in *Lyons* was not one which is "capable of repetition, yet evades review," stating that "the capable-of-repetition doctrine applies only in exceptional situations, and generally only where the *named plaintiff* can make a reasonable showing that he will again be subjected to the alleged illegality." *Lyons*, 461 U.S. at 109, 103 S.Ct. at

---

**3.** *See also O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974): "Moreover, if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." (Footnote and citations omitted).

1669 (emphasis added and citation omitted).[4]

The *Lewis* court recognizes the Supreme Court's reliance on *O'Shea*, but distinguishes *O'Shea* "because, unlike in that case, the prospect of future injury here was not 'conjectural.'" *Lewis*, 99 F.R.D. at 641 n. 9. However, the future injury the court refers to is that of the class, not the named plaintiff. Later in the *Lewis* opinion the court acknowledges, and then quickly avoids, the harsh fact that *O'Shea* was a class action: "As far as any class action problem posed by *O'Shea* is concerned, we note only that *O'Shea* preceded *Gerstein* and *Geraghty*, on which we have relied here." *Id.* at 644 n. 15.[5]

The *Lewis* court in fact bases much of its reasoning on the Supreme Court's purportedly flexible attitudes towards class actions, as expressed in *Geraghty*. *Id.* at 639–40. Moreover, the court considers the issues of mootness and standing to be essentially indistinguishable. *Id.* at 639. However, the court overlooks the fact that in *Geraghty* the Supreme Court expressly limited its holding to the appeal of the denial of a class certification motion. *Ger-*

*aghty*, 445 U.S. at 404, 100 S.Ct. at 1213.[6] Given this explicit limitation, as well as the distinction between mootness and standing the Supreme Court has made (as in the portion of *Sosna* quoted above), we think it ill-advised to read too much flexibility in the Court's views on standing.

The Supreme Court has conceded that "the prior cases [on standing and mootness] may be said to be somewhat confusing, and that some, perhaps, are irreconcilable with others." *Id.*, 445 U.S. at 406 n. 11, 100 S.Ct. at 1214 n. 11. While the Court has indeed sent out conflicting signals concerning these issues, the message of *Lyons* is clear: a plaintiff may not sue for injunctive relief without showing a real and immediate threat of future injury. We believe the Court would insist that this standing requirement be satisfied in both individual and class actions.[7] Thus, Williams does not have standing to seek a preliminary injunction or any other injunctive (or declaratory) relief.

Accordingly, the City's motion to dismiss is granted.[8] It is so ordered.

We sympathize with Justice Marshall's dissent—and with the *Lewis* court's attempt to circumvent the standing requirements. Because of the length of the detention periods involved in the present case, it is quite unlikely that an arrestee could retain an attorney and have the attorney prepare and file a complaint before the arrestee is released from the police station. Moreover, most arrestees (like Williams) will be unable to show a real threat of future injury from the City's detention policy. As a result, the federal courts are rendered impotent to order the cessation of a policy which may indeed be unconstitutional and may harm many persons. Nonetheless, the Court is constrained by *Lyons* and other Supreme Court decisions to limit its censure of unconstitutional police practices as alleged here to individual awards of money damages.

**4.** Additionally, the court ruled that the plaintiff's claim in no way "evaded" review because it remained to be litigated in his suit for damages. *Id.*

**5.** We note that *O'Shea* is inconsistent with these later cases only when the *Lewis* court's position on standing is adopted.

**6.** The Supreme Court also distinguished the situation in *Geraghty* from the case "brought a day after the prisoner is released," which is precisely the case here and in *Lewis. See Geraghty,* 445 U.S. at 407 n. 11, 100 S.Ct. at 1214 n. 11.

**7.** This conclusion might also be inferred from the dissenting opinion in *Lyons,* which expresses frustration with the majority's holding: "The Court today holds that a federal court is without power to enjoin the enforcement of the city's policy, no matter how flagrantly unconstitutional it may be. Since no one can show that he will be choked in the future, no one—not even a person who, like Lyons, has almost been choked to death—has standing to challenge the continuation of the policy." *Lyons,* 461 U.S. at 113, 103 S.Ct. at 1671 (Marshall, J. dissenting). The dissenters probably would not have been so upset if they believed the holding in *Lyons* did not reach class actions.

**8.** In an order dated January 4, 1985, we stayed briefing on Williams' motion for a preliminary injunction and class certification pending the resolution of the City's motion to dismiss. Because the City's motion is granted, the City now needs to respond only to the issue of whether class certification is appropriate for an action for damages. The City should file its response brief by March 20, 1985, and Williams should reply by March 25, 1985. The status hearing set for March 15, 1985, is vacated and reset for April 26, 1985, at 10:00 a.m. It is so ordered.