**Albert ROBINSON, et al., Plaintiffs,**

**v.**

**CITY OF CHICAGO, et al., Defendants.**

**No. 83 C 5685.**

United States District Court,
N.D. Illinois, E.D.

June 23, 1986.

Kenneth Flaxman, for plaintiffs.

Arthur Mooradian, James D. Montgomery, City of Chicago, for defendants.

## MEMORANDUM

LEIGHTON, Senior District Judge.

Plaintiffs bring this two-count, 42 U.S.C. § 1983 action, alleging in Count II, which names the City of Chicago as sole defendant, that one of them, John Richardson, was unlawfully detained under the purported authority of a General Order of the defendant city's police department, in violation of his Fourth Amendment rights. He seeks compensatory damages for himself, a declaratory judgment in his favor, and others similarly situated. The parties have filed cross-motions for summary judgment on Count II, insofar as it relates to the prayer for declaratory relief.

## I

In the early morning hours of July 18, 1981, an apartment building, located at 636 W. Barry, Chicago, Illinois, was partially destroyed by fire. Four residents were killed; seventeen others, as well as three City of Chicago fire department personnel, were injured. After some preliminary investigation, Sergeant James Lane of the Chicago Police Department arrested Richardson at about 2:10 p.m. on July 18, without a warrant, on the ground he was suspected of being involved in the fire.

Following the arrest, Richardson was transported to Chicago police department area 6, violent crimes headquarters. He remained there for three days without any charge being filed against him. His detention was by authority of Section 6, Paragraph C-2 of General Order 78-1 of the Chicago Police Department ("Paragraph C-2"). This paragraph, by its terms, permits Chicago policemen to detain arrestees [1] when "there is a necessity for the detention ... for a period of time longer than that which might routinely be expected, in order that they may continue the investigation." Finally, on the morning of July 21, 1981, Richardson was formally charged with murder. He was ultimately acquitted of all charges.

## II

As a threshold matter, defendant argues that class representative Richardson cannot seek declaratory relief on behalf of the class because his claim is moot.[2] It therefore concludes that this suit, as to Count II, must be dismissed for lack of subject matter jurisdiction. *See e.g. County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979).[3]

1. The General Order defines "arrestee" as "a person taken into custody for the commission of an offense." Chicago Police Department, General Order 78-1, § 2, ¶ B.

2. A class was certified on February 21, 1986. Plaintiff Richardson represents "all persons who from August 17, 1978 to the time of entry of judgment were held in custody without filing of charges pursuant of Section 6, Paragraph C-2 of General Order 78-1 of the Chicago Police Department." *Robinson v. City of Chicago*, 83-5685, slip op. (N.D.Ill. Feb. 21, 1986) [Available

on WESTLAW, DCTU database]. The class seeks a declaratory judgment that Paragraph C-2 violates the Fourth Amendment of the United States Constitution by permitting extended restraints of an arrestee's liberty without judicial determination of probable cause.

3. Defendant City of Chicago apparently did not and does not now dispute that Richardson has a viable individual claim for money damages. Rather, it has questioned his ability to represent a class seeking declaratory relief.

■ It is common practice to begin any discussion of the doctrine of standing, and the related doctrine of mootness,[4] by noting that Supreme Court precedent "may be said to be somewhat confusing, and that some, perhaps, are irreconcilable with others." *United States Parole Commission v. Geraghty*, 445 U.S. 388, 406, n. 11, 100 S.Ct. 1202, 1213, n. 11, 63 L.Ed.2d 479 (1980). *Also see* Fallon, *Of Justiciability, Remedies, and Public Law Litigation: Notes on the Jurisprudence of Lyons*, 59 N.Y.U.L.Rev. 1, 16 (1984). However, this caveat aside, it can be said with some certainty that the doctrine of mootness has two aspects; that is, two questions must be asked when determining whether a claim is moot. First, whether the issues presented are "live." And second, whether the parties have legally cognizable interests in the outcome of the litigation ("personal stake"). *Geraghty*, 445 U.S. at 396, 100 S.Ct. at 1208; *Davis v. Ball Memorial Hospital Ass'n, Inc.*, 753 F.2d 1410, 1416 (7th Cir.1985); *Lewis v. Tully*, 99 F.R.D. 632, 638 (N.D.Ill.1983). If either of these inquiries is answered in the negative, the case is moot. *See Geraghty*, 445 U.S. at 396, 100 S.Ct. at 1208.

Defendant makes two mootness arguments. First, it calls the court's attention to a January 10, 1986 General Order 86-1 of the Circuit Court of Cook County Illinois which provides that "probable cause to detain hear[ings] shall be held promptly after arrest and shall be conducted in conformity with *Gerstein v. Pugh*, 420 U.S. 103 [, 95 S.Ct. 854, 43 L.Ed.2d 54] (1975)." From this, defendant concludes that because plaintiff's claim is premised on defendant's detention policy, it is mooted by the General Order which specifically directs adherence to the Constitution, as construed in *Gerstein*. Apparently, it is defendant's position that because of these changed circumstances, plaintiff's claim is no longer "live."

■ A case may become moot when, because of changed circumstances, there is no "reasonable expectation" that the alleged violation will recur. *County of Los Angeles*, 440 U.S. at 631, 99 S.Ct. at 1383; *see also Watkins v. Blinzinger*, 789 F.2d 474, 483 (7th Cir.1986). However, in this case, the changed circumstance upon which defendant relies does not have that effect.

■ Plaintiff alleges that Paragraph C-2 of General Order 78-1 is unconstitutional. General Order 86-1, upon which defendant relies as the premise of its changed circumstance, in no way invalidates Paragraph C-2; it merely instructs that probable cause hearings must be held in accordance with *Gerstein*. Defendant has argued from the outset of this litigation that Paragraph C-2 conforms to the rule of law announced in *Gerstein*. It is therefore obvious that an order directing defendant's police officers to comply with the rule of *Gerstein*, which defendant insists it has always complied with, does not support the conclusion that there is no reasonable expectation that the alleged violation of rights of the class will recur. On the contrary, there is more than a reasonable expectation that class members will continually be detained pursuant to Paragraph C-2. Therefore, the controversy is "live." *Faheem-El v. Klincar*, 600 F.Supp. 1029, 1035 (N.D.Ill.1984).

Defendant's second mootness argument is premised on the "personal stake" requirement. *Geraghty*, 445 U.S. at 396, 100 S.Ct. at 1208. It takes the position that because Richardson's allegations of unconstitutional conduct are based on defendant's past acts, and since there is no reasonable likelihood that he will again be subjected to extended detention, the controversy between the parties is not of sufficient immediacy and reality to warrant the issuance of declaratory relief on behalf of the class, that is the parties lack a legally

---

**4.** Mootness has been defined as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Commission v. Geraghty*, 445 U.S. 338, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980) (quoting *Monaghan, Constitutional Adjudication; The Who and When*, 82 Yale L.R. 1363, 1384 (1973)).

cognizable interest in the outcome. Therefore, the claim is moot, so the argument goes. *Geraghty,* 445 U.S. at 396, 100 S.Ct. at 1208; *see also Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969); *Barany v. Buller,* 707 F.2d 285, 287 (7th Cir.1983).[5]

■ Generally, in a class suit seeking declaratory relief, the class representative must maintain the required personal stake in the litigation, at least up until the time of class certification, in order to avoid mootness and dismissal. *Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975). However, when the claim is "capable of repetition yet evading review," the named plaintiff may litigate the class action despite his loss of personal stake in the outcome. *Geraghty,* 445 U.S. at 398, 100 S.Ct. at 1209, *Gerstein v. Pugh,* 420 U.S. 103, 110, n. 11, 95 S.Ct. 854, 861, n. 11, 43 L.Ed.2d 54 (1975). This is true even where, as here, there is no reasonable likelihood that named plaintiff's expired claims will recur. *Geraghty,* 445 U.S. at 398, 100 S.Ct. at 1209.

■ The Court considered this issue in *Gerstein;* a case remarkably similar to this one. Plaintiffs alleged that defendant's policy of extended post-arrest detention before trial, without opportunity for judicial determination of probable cause, violated the Fourth Amendment. They sought declaratory and injunctive relief. *Gerstein,* 420 U.S. at 107, 95 S.Ct. at 859. At oral argument it was revealed that named plaintiffs' pretrial detention, the basis of their claim, had ended; in fact, they were not even in custody at the time of class certification. Nonetheless, the cause was not moot because:

> Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he

is either released or convicted. The individual could nonetheless suffer repeated deprivation, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures. The claim, in short, is one that is distinctly "capable of repetition, yet evading review."

> At the time the complaint was filed, the named [plaintiffs] were members of a class of persons detained without a judicial probable cause determination, but the record does not indicate whether any of them were still in custody awaiting trial when the District Court certified the class. Such a showing ordinarily would be required to avoid mootness. But this case is a suitable exception to that requirement.... It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class. Moreover, in this case the constant existence of a class of persons suffering the deprivation is certain.

*Gerstein,* 420 U.S. at 110–11 n. 11, 95 S.Ct. at 861, n. 11 (citations omitted).

The Supreme Court has therefore held that where, as in this case, a class seeks declaratory relief to the effect that certain of defendant's pretrial detention policies are unconstitutional and where, again as in this case, named plaintiffs were not in pretrial custody at the time of class certification, the cause nonetheless escapes mootness, even though they will most likely not be subjected to further pretrial detention.

This case presents the issue whether the reasoning of *Gerstein* can be extended one step further; that is, here named plaintiff was not only out of pretrial custody at the time of class certification but also at the time the action was filed. In *Lewis v. Tully,* 99 F.R.D. 632 (N.D.Ill.1983), another judge of this court was presented with the

---

5. The court addressed this argument when ruling on defendant City of Chicago's motion to dismiss. In doing so it concluded that the action was not moot. Defendant now asks the court to reconsider that ruling pursuant to the court's inherent power to modify or rescind interlocutory orders prior to final judgment.

same question.[6] The court stated the issue was "whether a named plaintiff's failure to have a live claim at the time he or she files the complaint defeats standing even where the class as a whole has a live claim." *Lewis,* 99 F.R.D. at 639. It held that plaintiffs could maintain the class suit. *Id.* at 641.

The *Lewis* court reasoned that named plaintiffs suffering an actual concrete injury, as a result of defendant's allegedly illegal conduct, ensured an adequately adverse interest between the parties to satisfy the formalistic personal stake requirement. *Lewis,* 99 F.R.D. at 640.[7] This court agrees with and adopts the reasoning of *Lewis;* it accordingly concludes that the case is not moot and is properly before the court. *Accord, Faheem-El v. Klincar,* 600 F.Supp. 1029, 1035–36 (N.D.Ill.1984); *contra; Williams v. City of Chicago,* 609 F.Supp. 1017 (N.D.Ill.1985). Therefore, the merits of the cross-motions for summary judgment must be addressed.

## III

■■■■ Summary judgment is appropriate only where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The moving party has the burden of establishing the lack of a genuine issue of material fact. *Korf v. Ball State University,* 726 F.2d 1222, 1226 (7th Cir.1984). In this case, both parties move for summary judgment. That does not establish however that there is no factual issue to be resolved, and that one party or the other is entitled to judgment. Wright, Miller & Kane, *Federal Practice and Procedure,* § 2720 (1983). The court must consider whether each party has satisfied its Rule 56(c) burden before judgment may be

entered. *See United States Trotting Ass'n. v. Chicago Downs Ass'n. Inc.,* 665 F.2d 781, 785 (7th Cir.1981). It is with these rules in mind that the court considers the parties' motions.

■■■■ Plaintiffs bring this action pursuant to 42 U.S.C. § 1983. That statute provides remedies for deprivation of federal rights. Count II of the second amended complaint, the only count to which these motions are addressed, names the City of Chicago, a municipal corporation of the State of Illinois, as sole defendant. Municipalities can be sued pursuant to § 1983 for monetary and declaratory relief where the alleged unconstitutional action implements an official policy or custom of the local governing body. *Monell v. Department of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978); *Jones v. City of Chicago,* 787 F.2d 200, 203 (7th Cir.1986). Since this case unquestionably involves an official policy of the defendant city, as the basis of the alleged unconstitutional action, the "policy or custom" requirement of plaintiffs' § 1983 claim has been satisfied. *Monell,* 436 U.S. at 694, 98 S.Ct. at 2037. The remaining issue therefore is whether, as a matter of law, defendant's implementation of Paragraph C–2 deprives plaintiff of a federal right.

Plaintiff maintains that it is an illegal policy of extended detention, in violation of Fourth Amendment rights. Therefore, for the purpose of plaintiff's motion, the issue is whether Paragraph C–2, which provides that an arrestee taken into custody without a warrant but with probable cause, may be detained "for a period of time ... in order that [police personnel] may continue investigation" of the crime, violates the Fourth Amendment.

---

*Peterson v. Hanson,* 569 F.Supp. 694, 695 (W.D. Wis.1983).

**6.** In *Lewis,* class members were subjected to an allegedly illegal detention for very short intervals of time with no expectation of being further detained. The case was thus "capable of repetition [at least so far as the class was concerned], yet evading review."

**7.** The court also recognized the significant difference between individual actions and class suits. *Lewis,* 99 F.R.D. at 638–39. "We think it implicit in 'the capable of repetition, yet evading review' doctrine that the courts are to apply the 'personal stake' requirement flexibly, particularly in the context of a class action." *Id.* at 640.

■ In order to secure an individual the protection of the Fourth Amendment against unfounded invasions of liberty and privacy, probable cause [8] must ultimately be determined by a neutral and detached magistrate. *Gerstein,* 420 U.S. at 112, 95 S.Ct. at 862, (citing, *Johnson v. United States,* 333 U.S. 10, 13–14, 68 S.Ct. 367, 368–369, 92 L.Ed. 436 (1948)). However, in order to avoid any undue handicap on law enforcement bodies, "a policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of a crime, and for a brief period of detention to take the administrative steps incident to the arrest." *Llaguno v. Mingey,* 763 F.2d 1560, 1567 (7th Cir. 1985) (quoting *Gerstein,* 420 U.S. at 113–14, 95 S.Ct. at 863).

■ Once the suspect is in custody however, the justification for dispensing with a neutral party's judgment evaporates and the Fourth Amendment requires a prompt judicial determination of probable cause to justify extended restraint of a person's liberty.

> There no longer is any danger that the suspect will escape or commit further crimes while the police submit their evidence to a magistrate. And, while the State's reasons for taking summary action subside, the suspect's need for a neutral determination of probable cause increases significantly. When the stakes are this high, the detached judgment of a neutral magistrate is essential if the Fourth Amendment is to furnish meaningful protection for unfounded interference with liberty. Accordingly, we hold that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest.

*Gerstein,* 420 U.S. at 114, 95 S.Ct. at 863. Therefore, while a "brief" detention to complete the booking process, and other paperwork, before presenting an arrestee to the magistrate is allowed, any "prolonged" or "extended" detention is not. *Llaguno,* 763 F.2d at 1567–68 (citing *Gerstein,* 420 U.S. at 113–14, 95 S.Ct. at 862–63.)

■ Paragraph C–2 permits the exact type of extended detention which the Court in *Gerstein* found repugnant to Fourth Amendment rights. It specifically provides that an arrestee's detention be extended beyond the time when he would normally be sent before a magistrate so that police officers may continue the investigation. The reasoning behind this policy of extended detention is obvious; to build a case against a defendant while he is in jail. However, the teaching of *Gerstein* in this regard is clear—hoping to build a case is not a permissible reason for jailing someone indefinitely. *Llaguno,* 763 F.2d at 1568.[9]

■ Defendant attempts to avoid the result reached today by arguing that because plaintiff Richardson was brought before the court without "unnecessary delay," in conformance with Fed.R.Crim.P. 5(a) and Ill.Rev.Stat., ch. 38, ¶ 109–1(a) (1983), his detention could not have been unconstitutional and therefore his claim, as well as that of the class, must fail. However, plaintiff's right to a probable cause hearing prior to extended detention is derived from the Constitution, not Rule 5(a) or ¶ 109. That they may have been complied with in Richardson's case does not escape the reality that Paragraph C–2 is, on its face, contrary to the Fourth Amendment. *See Brown v. Fauntelroy,* 442 F.2d 838, 839 (D.C.Cir.1971).[10]

---

8. The standard for valid arrest and detention is probable cause. It has been defined as sufficient facts and circumstances to lead a prudent man to believe that the suspect was committing or had committed a crime, *Gerstein,* 420 U.S. at 111, 95 S.Ct. at 861; "more than bare suspicion but less than virtual certainty." *United States v. Garza-Hernandez,* 623 F.2d 496, 499 (7th Cir. 1980).

9. While plaintiff Richardson's detention was not indefinite, it very well could have been; Paragraph C–2 places no upper limit on its extended detention.

10. The court expresses no opinion on the issue of whether Richardson was in fact taken before a court "without unnecessary delay."

Defendant also places great emphasis on Richardson's arrest being with probable cause. However, that the original arrest was with probable cause does not satisfy the Constitutional requirement of judicial determination of probable cause prior to extended detention. *Gerstein,* 420 U.S. at 117–19, 95 S.Ct. at 864–65. *See also United States v. Garza,* 754 F.2d 1202, 1211 (5th Cir.1985) (Goldberg, J., concurring). The Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest, regardless of whether the original arrest was supported by an officer's on-the-scene determination of probable cause. *Id.* 420 U.S. at 114, 117–18, 95 S.Ct. at 863. Paragraph C-2 permits police officers to circumvent this requirement and for that reason is contrary to the Fourth Amendment rights of those being detained.

Accordingly, there being no issue of material fact, and it appearing that plaintiff is entitled to judgment as a matter of law, his motion for summary judgment on Count II of the second amended complaint is granted; defendant's cross-motion for summary judgment is denied.

So ordered.