Marilyn JONES, Plaintiff,

v.

Dick W. BOWMAN, et al., Defendants.

No. S87–289.

United States District Court,
N.D. Indiana,
South Bend Division.

April 8, 1988.

Stephen G. Drendall, South Bend, Ind., Richard A. Waples, Indianapolis, Ind., for plaintiff.

John D. Ulmer, Goshen, Ind., for Dick W. Bowman, Office of the Sheriff of Elkhart County, Ind., and Stephen E. Platt.

David A. Arthur, Deputy Atty. Gen., Indianapolis, Ind., for Stephen E. Platt.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on plaintiff Marilyn Jones' motion for class certification. Fed.R.Civ.P. 23. The parties have briefed the issues fully with excellent, helpful memoranda. For the reasons that follow, the court concludes that Ms. Jones' motion for class certification must be denied because her claim for injunctive relief is moot.

Marilyn Jones brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated her fourth and fourteenth amendment rights when they subjected her to a strip search pursuant to an Elkhart Sheriff's Department's written policy to strip search all persons received into the population at the Elkhart County Jail. The Elkhart Superior Court issued a body attachment for Ms. Jones when she failed to appear at a hearing in her domestic relations case. She was arrested September 23, 1985 in Johnson County and admitted to the Elkhart County Jail two days

later. She was "strip searched" pursuant to Department policy. Ms. Jones seeks injunctive and declaratory relief and compensatory and punitive damages.

Ms. Jones' amended complaint seeks certification of a class of persons subject to the jurisdiction of the Elkhart County Sheriff who have been, are now being, or hereafter may be arrested for alleged non-felony offenses and subjected to a strip search by the Elkhart County Sheriff where there exist no reasonable grounds to suspect the arrestee of possessing weapons or contraband. Ms. Jones requests appointment as representative of the class.

On May 18, 1987, Ms. Jones moved for a preliminary injunction; hearing was held on June 4, 1987. On June 17, 1987, the court denied Ms. Jones' petition for preliminary injunction because she lacked standing. The court found that Ms. Jones failed to show either continuing present adverse effects of her 1985 strip search at the hands of Elkhart County Sheriff personnel or any likelihood that she will be subjected to another strip search in the future. *Jones v. Bowman,* 664 F.Supp. 433 (N.D. Ind.1987).

For purposes of class certification, Ms. Jones seeks a declaration that the Elkhart Sheriff's Department's practices of which she complains are unconstitutional, and an injunction prohibiting the defendants from applying their strip search policy unless reasonable grounds exist to believe an arrestee is concealing weapons or contraband. She seeks no class certification on her claim for damages, and she has withdrawn her request for class certification with respect to persons detained on body attachments issued by the Elkhart Superior Court.

To maintain a suit as a class action, the moving party must demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). The moving party also must demonstrate compliance with at least one of the subparagraphs of Rule 23(b). *Susman v. Lincoln American Corp.,* 561 F.2d 86, 90 (7th Cir.1977); *Valentino v. Howlett,* 528 F.2d 975 (7th Cir.1976). Ms. Jones proceeds under paragraph (b)(2), which provides that an action may be maintained as a class action if the prerequisites of subdivision (a) are met and if:

... the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole ...

Fed.R.Civ.P. 23(b)(2).

The defendants argue that Ms. Jones has failed to meet the numerosity requirement under Rule 23(a) because she proffered no evidence to show that the proposed class is so numerous that joinder is impracticable. In regards to Ms. Jones' assertions under Rule 23(b)(2), the defendants argue that because Ms. Jones lacked standing as an individual to seek injunctive relief, she also lacks standing to seek injunctive relief on behalf of a class. The defendants also argue that the Elkhart County Sheriff's Department's new strip search policy,[1] instituted on July 2, 1987, directly comports with the standard which Ms. Jones has intimated would pass constitutional muster;

---

1. The new policy states:

51704:00 ADMISSION SEARCH PROCEDURE
\* \* \* \* \* \*
.02 VISUAL STRIP SEARCH POLICY
A. No visual strip searches shall be performed on persons arrested for traffic, regulatory, misdemeanor or juvenile offenses and body attachments or other civil arrests, unless the officer has a reasonable belief that the arrestee is concealing weapons or contraband on his or her person. Visual strip searches shall be performed only in accordance with the guidelines set forth in G051704.07. (No body cavity search will be conducted on such arrestees unless it is based on probable cause that weapons or contraband are being concealed, and shall be performed only in accordance with the guidelines set forth in G0 51704.08.)

**90**

because the standard has been changed, the issue is moot and injunctive relief in this case is no longer necessary or proper.

Ms. Jones responds that individual injunctive relief is distinct from class injunctive relief in the context of constitutional deprivations of short duration: even plaintiffs with no live claim for injunctive relief when the class action complaint is filed nonetheless may act as class representative concerning violations that are capable of repetition yet evading review. *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed. 2d 54 (1975); *Sosna v. Iowa,* 419 U.S. 393, 402 n. 11, 95 S.Ct. 553, 559 n. 11, 42 L.Ed. 2d 532 (1975); *Doulin v. City of Chicago,* 662 F.Supp. 318 (N.D.Ill.1986); *Robinson v. City of Chicago,* 638 F.Supp. 186 (N.D.Ill. 1986); *Franklin v. City of Chicago,* 102 F.R.D. 944 (N.D.Ill.1984); *Lewis v. Tully,* 99 F.R.D. 632 (N.D.Ill.1983).

Ms. Jones also argues that the Elkhart Sheriff's Department adopted its new strip search policy only after the filing of the complaint in this action and three weeks after this court's June 17, 1987 ruling. She contends the change in policy does not render her claim moot.

■ The court need not address the defendants' standing arguments or Ms. Jones' compliance with the requirements of Rule 23(a). Her claim as to the class of persons she wishes to have certified is moot.

Justiciability encompasses the doctrines of standing and mootness. To determine whether a claim is moot, the court must inquire first, whether the issues presented are "live", and second, whether the parties have personal stakes, that is, legally cognizable interests in the outcome of the litigation. *Robinson v. City of Chicago,* 638 F.Supp. 186, 189 (N.D.Ill.1986), *citing United States Parole Com'n v. Geraghty,* 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980); *Davis v. Ball Memorial Hospital Ass'n, Inc.,* 753 F.2d 1410, 1416 (7th Cir.1985); *Lewis v. Tully,* 99 F.R. D. 632, 638.

■ The Elkhart Sheriff's Department's adoption of a new strip search policy does not necessarily render moot a challenge to the previous policy. As the court explained in *Ragsdale v. Turnock,* 841 F.2d 1358, 1364–65 (7th Cir.1988),

It is well established that voluntary cessation of putatively illegal conduct ordinarily will not moot a controversy and prevent its adjudication by a federal court.... However, such a cessation does render a controversy moot where there is no reasonable expectation that the putatively illegal conduct will be repeated, and there are no remaining effects of the alleged violation.... Defendants bear a heavy burden of persuading the court that a controversy is moot.

We note additionally that cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties. According to one commentator, such self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine....

(citations omitted). The *Ragsdale* court looked to other cases in which a party had given assurances that the challenged conduct was no longer occurring or would not occur in the future. The court noted *McCrary v. Poythress,* 638 F.2d 1308 (5th Cir.), *cert. denied* 454 U.S. 865, 102 S.Ct. 325, 70 L.Ed.2d 165 (1981), in which election officials conceded they had erred by attempting to require a political candidate to file certain financial disclosure reports and then writing the candidate rescinding their request. The court also noted *Northern Virginia Women's Medical Center v. Balch,* 617 F.2d 1045 (4th Cir.1980), in which the court accepted assurances from a local prosecutor that he had abandoned a policy that was subject of the plaintiff's claims. Those courts, like the *Ragsdale* court, found the assurances or evidence demonstrated the conduct at issue had been discontinued with no real prospect that it would be repeated.

The *Ragsdale* court did not discuss *Mazanec v. North Judson–San Pierre Sch. Corp.,* 798 F.2d 230 (7th Cir.1986), a case

cited by Ms. Jones. In *Mazanec*, the court found the claim for injunctive relief to be moot, but not because the prosecutor voluntarily had ceased prosecuting the plaintiffs; instead, the court found the claim moot because the plaintiffs were educating their children in another state. The court rejected the former mootness argument "because '[t]he defendant is free to return to his old ways.' *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953)." 798 F.2d at 234. That dictum appears inconsistent with the Fourth Circuit's holding in *Northern Virginia Women's Medical Center v. Balch*, 617 F.2d 1045, which the *Ragsdale* court cited with seeming approval, but it is not inconsistent with the holdings of *Ragsdale*.

The *Ragsdale* court found one claim to be moot, but rejected the mootness argument with respect to two other claims. The State of Illinois had adopted a public policy of non-enforcement of a statutory requirement of hospitalization for second-trimester abortion patients; the court found the challenge to that requirement to be moot. The State claimed a policy change with respect to the statute's reporting requirements, but the *Ragsdale* court found neither pre-existing documentation of that policy nor any logic in the State's asserted reason for the claimed policy change; accordingly, the court declined to hold the challenge to the reporting requirements moot. Finally, when the State argued that it was not applying another section of the statute to certain persons, the court concluded that the challenge to that section was not moot in light of the murkiness of the State's position.

In short, the *Ragsdale* court, consistent with the cases it cited, found mootness when a new, clear policy left the governmental officials without discretion to engage in the prohibited conduct. Because the defendants in this case have demonstrated such a policy, the court need not resolve the apparent clash between *Northern Virginia Women's Medical Center v. Balch*, 617 F.2d 1045, and the dictum in *Mazanec v. North Judson–San Pierre Sch. Corp.*, 798 F.2d 230, when the official makes assurances to the court about future discretionary conduct directed toward a specific party.

These defendants have submitted the affidavit of Nelson Stutsman, an Elkhart County Sheriff's Department captain, attesting to the implementation of the new strip search policy used in the Elkhart County Jail as of July 2, 1987. A copy of the new policy accompanied Capt. Stutsman's affidavit. One could speculate that the defendants would somehow fail to carry through with their new policy, but a threat of injury in a case must be real and immediate, not conjectural or hypothetical. *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974).

As noted at the outset of this opinion, Ms. Jones seeks certification of a class consisting of persons subject to the jurisdiction of the Elkhart County Sheriff who may be subjected to a strip search by the Elkhart County Sheriff following arrest for alleged non-felony offenses, when no reasonable grounds exist to suspect the arrestee of possessing weapons or contraband. In light of the new policy set forth in the Sheriff's written policy, the class Ms. Jones seeks to represent no longer exists.

For the foregoing reasons, the plaintiff's motion for class certification pursuant to Rule 23(b)(2) should be, and hereby is, DENIED.

SO ORDERED.