962 F.2d 17
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard HODGES, Pat Alan Crouch, Susan Marie Thomas, Susan
Duffy Schwall, Plaintiffs,
and
Charles Garcia, Plaintiff-Appellant,
v.
CITY OF COLORADO SPRINGS, Colorado, City Council of Colorado
Springs, Colorado, Robert O. Isaac, Roy Pederson,
James Munger, Defendants-Appellees.
 No. 91-1233.
 United States Court of Appeals, Tenth Circuit.
 May 4, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Five police officers working for the Colorado Springs police department brought this action against the city of Colorado Springs, its council, mayor, city manager, and chief of police under 42 U.S.C. § 1983. Plaintiffs claimed denial of equal protection of the law in violation of the Fourteenth Amendment because they are required to wear electronic pagers for work-related communications when they are off duty, but are not paid extra for wearing the pagers,[1] whereas certain civilian employees of the same Colorado Springs police department, who also are required to carry pagers when they are off duty, are given special pay for the time they are required to wear the pagers.
 
 
 3
 The district court granted summary judgment in favor of defendants, finding no equal protection violation because the separate classifications of the civilian versus the police employees are rooted in basic differences in their "duties, terms and conditions of employment and systems of compensation." Mem.Op. and Order May 24, 1991, at 2. The opinion outlined the basic differences in duties between those who serve as police officers and those who serve as civilian employees and the differences in the restrictions--the civilian employees were required to remain within the city limits and respond to calls within twenty minutes--provisions not applicable to police officers. Id. at 2-3; see Appendix at 149, 155-57.
 
 
 4
 We agree with the district court that there exist here no genuine issues of material facts that preclude the granting of summary judgment. The differences between the duties of police officers and civilian employees demonstrate that the two groups are not similarly situated for equal protection analysis. Cf. Peterson v. Hanson, 565 F.Supp. 87 (E.D.Wisc.1983) (court reporters with same job duties were similarly situated; no rational basis found for disparate treatment). Even if they were similarly situated, when the plaintiffs, as here, are not members of a suspect classification and no fundamental rights are involved, the standard for supporting the constitutionality of differential treatment is a reasonable or rational basis. See Hodel v. Indiana, 452 U.S. 314, 332 (1981) (heavy burden to demonstrate that " 'the varying treatment of different groups or persons is so unrelated to the achievement of ... legitimate purposes that [a court] can only conclude' " that the action was irrational) (quoting Vance v. Bradley, 440 U.S. 93, 97 (1979)); Jacobs, Visconsi and Jacobs, Co. v. City of Lawrence, Kan., 927 F.2d 1111, 1119 (10th Cir.1991) (maintaining viability of downtown area was legitimate government interest justifying different treatment of similarly situated developers); see also McGowan v. Maryland, 366 U.S. 420, 425-26 (1961) (It is a violation of equal protection "only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective."). The city's legitimate interest in ensuring that a sufficient police force is available at all times clearly provides a rational basis for the different treatment.
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The record indicates, however, that the police officers are paid overtime when they are called in to duty. Appellant's Brief, Attachment B at 10, 41